O'BRIEN v. JAFFE.

(Supreme Court, Appellate Term.　June 23, 1904.)

1. LANDLORD AND TENANT—CONDITIONS OF LEASE—WAIVER.

A lease provided that rent should commence from the day certain alterations were completed.　The landlord notified the tenant that the work was finished, and rent would be expected from a certain date; and the tenant, though the alterations were not then completed, took the keys and stated to the architect that, though there were several things to be done, he would let them go, as he wanted to get in.　*Held* to show a waiver of the condition that the alterations were to be finished before rent began, and an acceptance of the landlord's proposition that rent should commence from the date of the notice of completion.

Appeal from City Court of New York.

Summary proceedings under Code Civ. Proc. § 2231, by William R. O'Brien as landlord against Jacob Jaffe as tenant.　From a judgment for the landlord, the tenant appeals.　Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Frank J. Griffin, for appellant.
Thomas O'Gallaghan, Jr., for respondent.

MacLEAN, J.　Summary proceedings were instituted by the landlord against his tenant, as holdover, for nonpayment of rent from April 1, 1904, and final order therefor was obtained.　By the terms of the lease for five years from January 1, 1904, and coincident writing, it was agreed that the landlord should, among other things, install a steam and hot-water plant in the leased building, and rent, payable on the 1st day of each month in advance, was to commence from the day when the alterations provided for in said writing were completed.　At signing, the tenant paid $750, of which the sum of $250 was for rent for the first month, and $500 as security to be applied to the last two months of the term, earning meanwhile 3 per centum.　On the 1st day of March, 1904, the landlord, by an attorney, addressed the tenant as follows:

"Dear Sir:　The building No. 55 Irving Place is now finished and ready for occupancy, and after this date we will look to you for the rent of said premises, and look to you to take charge of and control of the same.
　　"Yours, etc.,　　　　　　　　　　W. R. O'Brien,
　　　　　　　　　　　　　　　　　"Charles G. Cronin, Atty, &c."

No reply seems to have been made, at least during that month. The architect employed by the landlord testified that about the 1st or 2d of March the tenant came to the premises, and—

"When he came there, I told him that I was going to take my man out, who was a night watchman, because he said he was coming into the premises.　He said, 'All right!' that he would look after it; and that Saturday night I took my man out, and I obtained from my man all the keys which were in his possession, and I turned all those keys over to Mr. Jaffe at that time."

The tenant himself testified that he moved into the house about the 19th of March.　Later said architect testified that:

"Mr. Jaffe on several occasions positively stated to me that there were several little things to be done, but that they would do, and they were satisfactory

to him. * * * One occasion was when Mr. O'Brien was present, about the 1st of March. There were several things connected with the building, which according to my views were not just as they should be. Mr. Jaffe said: 'They are all right. I want the place, and I want to get in there, and we will let them go.' On one occasion, on the 1st of March, he stated that everything was satisfactory to him."

This was not denied. There was, therefore, sufficient to find a waiver of conditions and an acceptance of the written proposition of March 1st, notwithstanding the testimony of the architect that prior to the 9th of April he had been working steadily on those premises, and of one Garvey, who did the work on the steam heating plant, that "I turned the steam-heating plant on, on the 13th day of March, and the outlets we ran them on the ceiling and they would not work. We changed them around, so that the people could use the boiler. We had them off for three days; then we turned them around, and steam has been on ever since," and that "the hot-water plant was completed on April 15th." The final order must, therefore, be affirmed.

Judgment affirmed, with costs. All concur.